IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JONATHAN A. HARGETT,              )
                                  )
       Plaintiff,          )
                                  )
v.                                )      1:23CV753
                                  )
AMY COLLINS, et al.,              )
                                  )
       Defendant(s).       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.     The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d). Plaintiff attempts to explain certain potential deficiencies noted in an Order and Recommendation in case 1:23CV648. However, the Court is not seeking explanations. Instead, Plaintiff must file a single complaint form together with the filing fee or an application to proceed *in forma pauperis*. In the complaint, he must set out all of his grounds for relief and all of the supporting facts. The Clerk will supply Plaintiff with the required forms.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts

of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). The Court notes that despite Plaintiff's attempt at explaining his claims further, he still fails to set out clear claims for relief. For instance, although he claims that Defendants prevented him from pursuing a claim regarding a prison transfer because they did not give him affidavit forms that he requested, he still does not set out facts demonstrating that it was Defendants' duty to provide those forms, why he could not get them from another source such as requesting them from the state courts, or how the lack of forms prevented him from raising his intended claims. It is not clear why the forms were needed to file the claims. Plaintiff also continues to claim that being placed in a special housing unit with no restrictions violated his rights. However, this is not clear given that Plaintiff includes no facts demonstrating that conditions on that unit violated the Constitution. He is not entitled to any particular level of housing, only to conditions that satisfy the minimum requirements of the Constitution.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 19th day of September, 2023.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**